UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESL INVESTMENTS, INC., ET AL., AND
TRANSFORM HOLDCO LLC,                          :     No. 7:19-cv-09703 (NSR)
                                               :
                   Appellants,                 :
                                               :
         v.                                    :
                                               :
SEARS HOLDINGS CORPORATION, ET AL.,            :
                                               :
                   Appellees.                  :
------------------------------------------------------------x

### STIPULATION OF VOLUNTARY DISMISSAL OF APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8023, ESL Investments, Inc., JPP, LLC, JPP II, LLC (collectively, "ESL") and Transform Holdco LLC ("Transform," and collectively with ESL, "Appellants"), as well as, Sears Holding Corporation, certain of its debtor affiliates,[1] and the Official Committee of Unsecured Creditors ("Appellees"), hereby stipulate (the "Stipulation" and upon approval by this Court, the "Order") and agree to dismiss the above-captioned bankruptcy appeal without prejudice, upon the following terms:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2020

1. Nothing in the Plan,[2] the Plan Supplement (including the Liquidating Trust Agreement), any related documents, or the Confirmation Order shall create a trust over or remove from property of the Estates or the Liquidating Trust (i) prior to the Effective Date, any Estate Assets, including for the avoidance of doubt the Litigation Funding (as defined in the Confirmation Order) and the Cash Reserve Account (as defined in the Confirmation Order), or (ii) after the Effective Date, any Liquidating Trust Assets or any other assets contributed to the Liquidating Trust, including for the avoidance of doubt the Litigation Funding and the Cash Reserve Account. All parties reserve their rights as to the meaning of the term "Net Proceeds of General Assets" under the Plan.

2. All parties in interests' rights—to the extent they exist—are preserved, including any right of any party to seek payment or reserve on account of or for any Claim, or any right of any party to oppose such relief; provided, that nothing in this paragraph 2 shall allow any party in interest to contest the provisions or statements contained in paragraph 1 above.

3. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any Claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interests' rights to dispute the amount of, basis for, or validity of any Claim against the Debtors, or (iii) a waiver by ESL or any of its affiliates of any Claim against the Debtors or of the right to prosecute, and defend against any dispute raised by the Debtors or any appropriate party in interest regarding the amount, basis, or validity of, any Claim against the Debtors.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "Plan") or, if otherwise specified, the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* and (II) Granting Related Relief (the "Confirmation Order").

4.  Notwithstanding the parties' entry into this Stipulation, neither the Debtors nor the Liquidation Trust shall be prohibited from making distributions in accordance with the terms of the Plan or the Confirmation Order or otherwise paying fees, costs, and expenses from Estate Assets or Liquidating Trust Assets, as applicable, absent a further order of the Bankruptcy Court.

5.  In reliance on this Stipulation and Order, ESL and Transform agree to dismiss the above-captioned bankruptcy appeal without prejudice. Each party to this Stipulation shall bear its own attorneys' fees and costs.

Respectfully submitted this 24th day of February, 2020

/s/ Sean O'Neal

Thomas J. Moloney
Sean A. O'Neal
Katherine R. Lynch

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
tmoloney@cgsh.com
*Attorneys for Appellants ESL and Transform*

Philip D. Anker
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10006
(212) 230-8800
philip.anker@wilmerhale.com

*Attorney for Appellant ESL*

/s/

Ray C. Schrock
David J. Lender
Paul R. Genender
Gregory Silbert
Jared R. Friedmann
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
paul.genender@weil.com

*Attorneys for Appellees Sears Holdings Corporation, et al.*

/s/

Ira S. Dizengoff
Philip C. Dublin
Joseph L. Sorkin
Z.W. Julius Chen
AKIN GUMP STRAUSS HAUER &
FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000
chenj@akingump.com
*Attorneys for the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

3

Dated: Feb. 25, 2020
White Plains, NY

SO ORDERED:

/s/
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE